In re CERSEY, Homer E. & Ethel J., Debtors,

Ledford, Brandon R., Debtor.

Farmers Furniture, Movant,

v.

Cersey, Homer E. & Ethel J., Respondents,

Ledford, Brandon R., Respondent.

Nos. 03–72005–JTL, 04–70311 JTL.

United States Bankruptcy Court, M.D. Georgia, Valdosta Division.

Nov. 12, 2004.

Jack W. Carter, Adel, GA, for Debtors.

### MEMORANDUM OPINION

JOHN T LANEY, III, Bankruptcy Judge.

On October 26, 2004, the Court held a Confirmation Hearing in the Homer E. & Ethel J. Cersey, and Brandon R. Ledford ("Debtors")bankruptcy cases. Creditor Farmers Furniture ("Farmers")objected to confirmation in both of the cases because the Debtors' plans did not include the collateral securing all of the Notes executed by Debtors with Farmers. Farmers also disputed the value of the collateral and the proposed interest rate. Because the issues were substantially the same in both cases, the Court will address both of the cases at one time. The main issue presented to the Court is whether the contracts withstood the Transformation Rule so that Farmers retained its purchase money security interest ("PMSI").

### CONCLUSIONS OF LAW

"To determine whether a security interest is a purchase money security interest, the Court must look to the relevant state law." *In re Franklin,* 75 B.R. 268 (Bankr.M.D.Ga.1986) The applicable code provision is O.C.G.A. § 11–9–103 (2001) (originally enacted as O.C.G.A. § 11–9–107).

The Debtors rely on *In re Hughes,* 230 B.R. 213 (Bankr.M.D.Ga.1998) for the proposition that PMSIs are transformed by exercising cross-security clauses. While this is correct, the contracts in this case have been written with an allocation method so as to conform with the decision in *Hughes.*

In *Hughes,* the court noted that "[t]he effect of having exercised the cross-security provisions is that both Defendants' PMSIs are transformed into ordinary security interests, *unless there is a contractually provided allocation method.*" *Id.* at 224 (emphasis added). (*See also Southtrust Bank of Alabama v. Borg–Warner Acceptance Corp.,* 760 F.2d 1240, 1243 (11th Cir.1985))("Unless a lender contractually provides some method for determining the extent to which each item of collateral secures its purchase money, it effectively gives up it purchase money status."). Further, in *Snap–On Tools v. Freeman,* 956 F.2d 252 (11th Cir.1992), the court held that in order "to enforce a PMSI that consolidates a customer's secured debts... the lender must provide some method 'for determining the extent to which each item of collateral secures its purchase money.'" *Id.* at 255 (citing *Southtrust,* 760 F.2d at 1243). In the present case the contracts at issue do provide an allocation method in compliance with the decision of this court in *Hughes* and with the Eleventh Circuit decisions in *Snap–On Tools* and *Southtrust.*

354

■ The language used in the contracts at issue in the Cersey case and in two of the contracts in the Ledford case state:

Seller retains its security interest only in the purchase price (including installation costs and sales tax) in merchandise purchased on such previous contract(s) which has not been fully paid for in full as of this date. For the purpose of determining which items have been paid for, each payment shall be allocated in accordance with any mandatory provisions of applicable law, and in the absence of such provisions, each payment shall be allocated in the following order: all sales taxes, all finance charges, all insurance charges, all delinquency charges, all court costs, all dishonored payment fees, all delivery charges, all set-up or installation fees, and then to the purchase price of each item in order of earlier items paid for first, and in the case of multiple items purchased on the same day, in order of lesser valued items paid for first. However the amount of any down payment on this contract shall be allocated in its entirety to this contract and to the purchase price of the item(s) purchased in order of lesser-valued items paid for first. As a particular item is deemed fully paid in this manner, Seller's security interest in that item shall terminate.

This contract does have an allocation method, thus the Seller's PMSIs are enforceable. However, the contracts used in the Ledford case in 2001 are not allocated in accordance with *Snap–On Tools.* The language in those 2001 Ledford contracts, utilize the "first in first out" basis, which, like *Snap–On Tools,* "provides no allocation among sales tax, interest, and purchase price although [the creditor] must have intended to be paid for all three items." *Id.,* 956 F.2d at 255. So the consolidation of the previously purchased riding mower with the entertainment wall transformed the PMSI in the mower into an ordinary security interest. The entertainment wall was consolidated under the new contract containing the allocation method in the purchase of the dining room set, and so the PMSI in that collateral is retained.

Thus, Farmers Furniture's PMSIs are enforceable against the Cerseys for the washer, dryer and riding mower, and against Mr. Ledford for the camcorder, dining room set, and entertainment wall, but not the riding mower, which was consolidated under a contract without an allocation method.

Therefore, the Court will deny confirmation because the Debtors' plans do not include the all of the PMSI collateral. The Debtors are to enter a new plan in compliance with this opinion within 20 days. An order in accordance with this Memorandum Opinion will be entered.